*Filed*
*10/12/05*
*In Open Court*
*5:35 PM*

# Jury Instructions

## *Lamar*

## *v.*

## Kenneth Beymer and the City of Hopkinsville

5:02-CV-289R

# INSTRUCTION NO. 1

## Introduction

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain the elements, or parts, of the claims in question.

You have two main duties as a juror. The first is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Plaintiff has proven their case against the Defendants by a preponderance of the evidence. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

INSTRUCTION NO. 2

Your answer to any question must be unanimous. That is, all eight (8) members of the jury must agree on any answer to the question and verdict.

## INSTRUCTION NO. 3

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to establish that conclusion.

## INSTRUCTION NO. 4

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it all. But you should act reasonably and carefully in making these decisions.

You may consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. Then decide what testimony you believe, and how much weight you think it deserves.

## INSTRUCTION NO. 5

Some of you have taken notes during the trial. An individual juror may use notes to refresh his or her memory of evidence presented at trial, but the notes should not be relied upon as definitive fact or as evidence. Juror notes have no greater weight than memory, and note-aided and non-aided memory are of equal significance. Jurors should not be influenced by another juror's notes.

## INSTRUCTION NO. 6

You have heard the testimony of Carlos Lamar. You have also heard that before this trial he was convicted of a crime.

This earlier conviction was brought to your attention only as one way of helping you decide how believable his testimony was. Do not use it for any other purpose. It is not evidence of anything else.

INSTRUCTION NO. 7

## Fourth Amendment Claim in violation 42 U.S.C. § 1983 for Unlawful Seizure against Officer Kenneth Beymer

Plaintiff Lamar claims to have been unlawfully seized by Officer Kenneth Beymer. The United States Constitution provides that no person may be arrested without due process of the law. This means that a person may not be arrested without probable cause for such an arrest. Probable cause justifying an arrest means a police officer must have information that would lead a reasonable person possessing the same official expertise as the officer to conclude that the person being arrested committed or is about to commit a crime.

Plaintiff Lamar was charged with Disorderly Conduct, Menacing and Resisting Arrest, though not convicted of these charges.

A person is guilty of Disorderly Conduct under Kentucky law when, in a public place, he:

1) Intentionally causes public inconvenience, annoyance or alarm; or

2) Wantonly creates a risk of causing public inconvenience, annoyance, or alarm; or

3) Engages in fighting or in violent, tumultuous or threatening behavior; or

4) Makes unreasonable noise.

A person is guilty of Menacing under Kentucky law when he intentionally places another person in reasonable apprehension of imminent physical injury.

A person is guilty of Resisting Arrest under Kentucky law when he intentionally prevents or attempts to prevent a peace officer, acting under color of his official authority, from affecting the person's arrest by (a) using or threatening to use force or violence against the peace officer; or (b) using any means creating a substantial risk of causing physical injury to the peace officer.

Officer Beymer asserts that while in the apartment he had probable cause to arrest the

Plaintiff for disorderly conduct, menacing or resisting arrest. Plaintiff Lamar asserts that Officer Beymer did not have probable cause to arrest him for those charges. Plaintiff's charge of Third Degree Assault to which he pled guilty is not an issue.

In determining whether the Defendant had reasonable grounds to believe that a person has committed an offense, the facts known to the Defendant need not meet the standard of conclusiveness upon which a conviction must be based. Rather, the actions of the Defendant in making an arrest are to measured by the test of what a reasonable person would have believed under the same circumstances.

If you find by a preponderance of the evidence that there was not probable cause for the arrest on all of those charges then you should find for the Plaintiff in his Fourth Amendment claim of unlawful seizure, otherwise you should find for the Defendant, Officer Beymer.

On Plaintiff's claim for violation of the Fourth Amendment under 42 U.S.C 1983 for unlawful seizure, we the jury find for (check one):

Plaintiff Carlos Lamar _____

Defendant Kenneth Beymer ✓

FOREPERSON _E— M Bury_ DATE _10/12/05_

8

INSTRUCTION NO. 8

If you find for the Plaintiff Lamar under Instruction No. 7 you must determine the Plaintiff's compensatory damages caused by the violation of his Fourth Amendment claim for unlawful seizure. Plaintiff Lamar has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Plaintiff Lamar for deprivation of civil rights caused by the Defendant. Damages may not be based on speculation or sympathy. Damages must be based on evidence presented at trial and only that evidence.

You should consider the following elements of damages to the extent you find them proved by a preponderance of the evidence:

1. Plaintiff's physical or emotional pain and mental anguish.

In determining Plaintiff's compensatory damages for the Fourth Amendment violation for unlawful seizure, you may only consider those injuries caused by the alleged illegal seizure. You may not consider any damages caused by the conviction of Third Degree Assault charge that Plaintiff pled guilty to, as it is not an issue in this case.

If you find for the Plaintiff Lamar, but you find that he has failed to prove actual damages, you shall return an award of nominal damages not to exceed one dollar ($1.00). The mere fact a constitutional deprivation has been shown to have occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation.

We, the jury, award compensatory damages for physical or emotional pain and mental anguish: $_____ (fill in the amount).

FOREPERSON _____ DATE _____

We, the jury, award no compensatory damages, but award nominal damages: $_____

(fill in the amount of up to one dollar ($1.00)).

FOREPERSON _____ DATE_____

## INSTRUCTION NO. 9

If you find for the Plaintiff either compensatory or nominal damages under Instruction 8, and if you further find that the Defendant did act with malice or reckless indifference to the Plaintiff's federally protected rights, the law would allow you, in your discretion, to assess punitive damages against the Defendant as punishment and deterrent to others. The burden is on the Plaintiff to show by a preponderance of the evidence that he is entitled to such damages.

If you find for the Plaintiff under Instruction No. 7, the law permits the jury under certain circumstances to award the injured person punitive damages in order to punish the defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find in favor of the Plaintiff and against the Defendant Officer Beymer, and if you find that the conduct of the Defendant as submitted in Instruction No. 7 was recklessly and callously indifferent to the Plaintiff's constitutional rights as set forth in Instruction No. 7, then, in addition to any other damages to which you find the Plaintiff entitled, you may, but are not required to, award the Plaintiff an additional amount as punitive damages if you find it is appropriate to punish the Defendant or deter the Defendant and others from like conduct in the future. Whether to award the Plaintiff punitive damages and the amount of those damages are within your sound discretion.

We, the jury, award punitive damages for the violation of the Plaintiff's Fourth Amendment Rights:

YES \_\_\_\_\_

NO  X

FOREPERSON _____ DATE 10/12/05

11

If yes, we award punitive damages in the amount of: $_____

FOREPERSON _____ DATE 10/12/05

INSTRUCTION NO. 10

Plaintiff Lamar also asserts a claim for negligence against Officer Beymer and the City of Hopkinsville.

You will find for the Plaintiff on this claim if you are convinced from the evidence:

1. That Officer Beymer used more force than was necessary, or so appeared to him in the exercise of reasonable judgment, in order to arrest the Plaintiff and retain him in custody, and

2. That Officer Beymer's action was a substantial factor causing injury to the Plaintiff.

On Plaintiff Lamar's claim under Kentucky state law against Defendant Officer Kenneth Beymer and the City of Hopkinsville for negligence, we, the jurors, find in favor of (check one):

PLAINTIFF - Carlos Lamar _____

DEFENDANTS - Kenneth Beymer and City of Hopkinsville ✓

FOREPERSON *S M Bry* DATE 10/12/05

## INSTRUCTION NO. 11

If you find for the Plaintiff under Instruction No. 10, you can determine from the evidence and award the Plaintiff a sum of money that will compensate him for whatever physical or mental injury and suffering to his person you believe from the evidence was caused by the use of excessive force.

We, the jury, award damages on the excessive force claim set forth in Instruction No. 10 as follows: $ 0

FOREPERSON _S M Bury_   DATE 10/12/05

14

INSTRUCTION NO.  12

If you find for the Plaintiff and award him a sum or sums in damages under Instruction(s) __11__, and if you further find that, the Defendant, Officer Kenneth Beymer, acted in reckless disregard for the life and safety of Carlos Lamar, you may in your discretion award punitive damages against the Defendant in addition to the damages awarded under Instruction(s) No. __11__.

In determining the amount, if any, of punitive damages you shall consider the following:

a) The harm to the Plaintiff as measured by damages you have awarded under Instruction No. __11__, and the potential of further harm to the Plaintiff created by the Defendants conduct towards the Plaintiff.

AND;

b) The degree, if any, to which you find the Defendants conduct toward the Plaintiff to have been reprehensible.

"Punitive Damages" are damages to be awarded for the sole purpose of punishing the reckless disregard of live or safety and discouraging it in the future.

We, the jury, award punitive damages on the excessive force claim(check one):

YES_____

NO __X__

FOREPERSON __S M Bury__ DATE __10/12/05__

If yes, we award punitive damages against Officer Kenneth Beymer in the amount of:

$_____

FOREPERSON __S M Bury__ ~~DATE 10/12/05~~

15

## INSTRUCTION NO. 13

Upon retiring to the jury room, you will select one of you to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court. You will take these instructions to the jury room, and when you have reached unanimous agreement, you will have your foreperson fill in, date and sign your answers.

## INSTRUCTION NO. 14

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

# INSTRUCTION NO. 15

Ladies and Gentlemen, now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach a unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong. But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that–your own vote. It is important for you to reach a unanimous agreement, but only if you can do so honestly and in good conscience. No one will be allowed to hear the discussions in the jury room, and no record will be made of what you said. So you should all feel free to speak your minds.